**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Trayshon Kimbrough,** ) | **CASE NO. 1:15 CR 401** |
| ) | **1:17 CV 2264** |
| **Petitioner/Defendant,** ) | |
| ) | **JUDGE PATRICIA A. GAUGHAN** |
| Vs. ) | |
| ) | |
| **United States of America,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Respondent/Plaintiff.** ) | |

### INTRODUCTION

This matter is before the Court upon petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 361). For the reasons that follow, the motion is DENIED.

### FACTS

Petitioner was named in four counts of a 61-count indictment on November 4, 2015. He was charged in Count 1 with conspiracy to possess with intent to distribute and distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), and 21 U.S.C. § 846; in Counts 23 and 24 with possession with intent to distribute heroin, in violation of 21 U.S.C. §

1

841(a)(1), 21 U.S.C. § 841(b)(1)(C); and in Count 56 with use of communication facility to facilitate a felony, in violation of 21 U.S.C. § 843(b), 21 U.S.C. § 843(d)(1). The total amount of heroin specifically attributed to Petitioner in the indictment was 45.49 grams.

Petitioner pled guilty to all four counts. There was no plea agreement, but a document entitled "Trayshon Kimbrough Plea Notes" was entered as Court's Exhibit Number 1 at the change of plea hearing. (*See* Change of Plea Tr. at 6-7). Pages 2 and 3 of this exhibit are entitled "Factual Basis," and contain the Government's factual basis for the charges against Petitioner. Pertinent to Petitioner's motion to vacate, paragraph D of the exhibit states: "The amount of drugs possessed and distributed by Defendant during the course of the conspiracy and/or attributable to Defendant's actions and reasonably foreseeable within the conspiracy was at [*sic*] less than 100 grams of heroin. Defendant knew that the substances he was possessing and distributing were actually heroin." Petitioner admitted that the factual basis set forth in the exhibit was true and accurate. (*Id.* at 7). Attorney Frank Gorczyca represented Petitioner through the change of plea stage of the proceedings.

Attorney Thomas Shaughnessy represented Petitioner for the sentencing phase. Following Petitioner's plea, a Presentence Investigation Report (PSR) was prepared, which states: "According to the investigating agent, the amount of drugs possessed and distributed by the defendant during the course of the conspiracy and/or attributable to the defendant's actions and reasonably foreseeable within the conspiracy was at least 80 grams but less than 100 grams of heroin." Attorney Shaughnessy filed a Sentencing Memorandum on behalf of Petitioner in which he asserted that "the amount attributable to [Petitioner's] actions and reasonably foreseeable within the conspiracy entered into by Defendant Kimbrough was less [*sic*] 80

2

grams." He noted that the PSR identified four instances in which Petitioner was directly involved for a total of 45.49 grams. He acknowledged, however, that the United States Sentencing Commission Guidelines Manual provides:

> With respect to offenses involving contraband (including controlled substances), the defendant is accountable for all contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook.

(Doc. 334, at 3).

Based on the amounts set forth in the PSR (at least 80 grams but less than 100 grams of heroin), Petitioner's base offense level was 22. He was given a three-level reduction for acceptance of responsibility for a total offense level of 19.[1] Petitioner was sentenced at the lowest end of the sentencing range to a term of imprisonment of 63 months as to Counts 1, 23, and 24 and 48 months as to Count 56, all to run concurrently; three years supervised release as to Counts 1, 23, and 24 and one year supervised release as to Count 56, all to run concurrently; and a special assessment of $400. Petitioner did not file a notice of appeal with the Sixth Circuit. He now seeks relief pursuant to 28 U.S.C. § 2255. (Doc. 345). The government opposes Petitioner's motion.

## **ANALYSIS**

A federal prisoner may challenge a sentence if it "was imposed in violation of the Constitution or laws of the United States ... or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To prevail on a

---

[1] Petitioner was originally classified as a career offender, putting him at a total offense level of 29. But Attorney Shaughnessy successfully objected to the classification.

3

§ 2255 motion, "the movant must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003). The petitioner has the burden of "sustaining [his] contentions by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Here, Petitioner argues that his sentence is unconstitutional because he received ineffective assistance of counsel. Specifically, he claims that Attorney Gorczyca was ineffective during the period leading up to the guilty plea because he "informed [Petitioner] that the language of less than 100 grams was the determinative factor in his final sentence as to the total drug amount...[and] that this discrepancy was minor and would be resolved at sentencing." (Doc. 361, at 4). Petitioner claims that the correct amount he was responsible for was 45.49 grams, which would have yielded an offense level of 15 and Guidelines range of 41-51 months. He asserts that "there is no way that he would have pleaded guilty to 80 grams." (*Id.*). Petitioner claims that Attorney Shaughnessy was ineffective for failing to raise the issue on appeal. (*Id.* at 2). Though Petitioner's brief is focused on his ineffective assistance of counsel claim, he also briefly argues that his "guilty plea [was]...unknowing and involuntary as to the drug amount of 80 grams but less than 100 grams." (Doc. 361, at 5). Petitioner does not request an evidentiary hearing.

**A. Voluntary and intelligent plea**

To the extent that Petitioner claims that his guilty plea was not voluntary or intelligent, the claim is defaulted. "[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S.

4

614, 621, 118 S. Ct. 1604, 1610 (1998) (holding that petitioner's claim that his plea was unintelligent because the district provided erroneous information at his plea colloquy was defaulted because petitioner could have raised the claim on direct review but did not do so). If a claim has been procedurally defaulted, a defendant may only raise it in habeas if he can demonstrate cause and prejudice or that he is actually innocent. *Id.* at 622, 118 S. Ct. at 1611. Petitioner does not argue that he is actually innocent. Although ineffective assistance of counsel can serve as cause and prejudice to excuse a procedural default, as discussed below, Petitioner's counsel were not ineffective. Thus, Petitioner's claim that his plea was involuntary and unknowing fails.

**B. Ineffective assistance of counsel**

The Sixth Amendment guarantees a criminal defendant the right to effective counsel at all "critical stages" of the criminal process. *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012). To establish an ineffective assistance of counsel claim, a petitioner must prove that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The deficient performance prong requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In determining if counsel's performance was deficient, a court "must be highly deferential" and avoid the "distorting effects of hindsight." *Id.* at 689. The prejudice prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the rest of the proceeding would have been different." *Id.* at 694. To satisfy the prejudice prong in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner's ineffective assistance of counsel claim regarding Attorney Gorczyka fails because he cannot meet the prejudice prong. *See Strickland v. Washington*, 466 U.S. 668, 700 (1984) ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."). Specifically, he does not allege that, but for counsel's errors, he would have insisted on going to trial. Rather, he alleges only that "he would not have pleaded guilty to 80 grams." But a petitioner "cannot satisfy the prejudice prong in the absence of any statement that he is actually innocent, or would have gone to trial if his attorney's performance had been different." *Hunter v. U.S.*, 160 F.3d 1109, 1115 (6th Cir. 1998); *see also Short v. U.S.*, 471 F.3d 686, 696-97 (6th Cir. 2006) ("[T]he petitioner's claim of prejudice rests upon an assertion that he wound up with a less favorable plea or sentence than he otherwise would have accepted with the advice of competent counsel. Such a claim is insufficient to establish actual prejudice."). As the Government notes, Petitioner "simply wants a new deal" but has offered no evidence that the Government would have agreed to let him plead guilty to a drug quantity of "at least 40 grams but less than 60 grams" of heroin. (Doc. 366, at 14). A claim of prejudice under the *Hill* standard "do[es] not turn on such speculative considerations." *Short*, 471 F.3d at 697.

Petitioner's claim of ineffectiveness regarding Attorney Shaughnessy also fails because he cannot establish that Shaugnessy's performance was deficient. Petitioner bases his claim on Shaugnessy's failure to challenge Petitioner's sentence on appeal–specifically, his failure to argue that the amount of heroin attributed to Petitioner was inaccurate. According to Petitioner,

6

he was only directly responsible for 45.59 grams of heroin, and, therefore, the amount attributable to him "should be at least 40G but less than 60G of heroin." (Doc. 361, at 3). Petitioner's argument, however, does not take into account the fact that a defendant who "is part of a 'jointly undertaken criminal activity' involving drugs ... is accountable for all quantities of contraband with which [he] was directly involved and ... all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that [he] jointly undertook.' " *United States v. Begley,* 602 Fed.Appx. 622, 626 (6th Cir.2015) (quoting U.S.S.G. § 1B1.3 cmt. 2). A "jointly undertaken criminal activity" includes a conspiracy. *United States v. Watson*, 620 Fed. Appx. 493, 513 (6th Cir. 2015). Petitioner was one of nineteen co-defendants in a conspiracy to possess and distribute heroin. The indictment charged six of Petitioner's co-defendant with conspiracy "to possess with the intent to distribute and to distribute at least one kilogram or more" of heroin and another co-defendant with conspiracy "to possess with intent to distribute at least one hundred grams or more" of heroin. While Petitioner argues that he is only directly responsible for 45.59 grams of heroin, he does not dispute that more heroin was reasonably foreseeable to him. Indeed, Petitioner admitted at his change of plea hearing that the amount of drugs attributable to him and reasonably foreseeable within the conspiracy was less than 100 grams, which is entirely consistent with how he was sentenced. (Change of Plea Tr. at 7) (admitting to Government's factual basis).

Shaughnessy's representation during the sentencing phase complied with the law. In Petitioner's sentencing memorandum, Shaughnessy stated that the amount of heroin directly attributable to Petitioner was 45.59 grams and argued that the amount of heroin "attributable to [Petitioner's] actions and reasonably foreseeable within the conspiracy ...was less [than] 80

7

grams." Nevertheless, he acknowledged that the Sentencing Guidelines Manual states that a defendant is accountable for all amounts that were reasonably foreseeable within the conspiracy. Similarly, at a sidebar conference during sentencing,[2] Shaughnessy accepted the base offense level of 22 because the amount attributable to Petitioner was more than 45 grams of heroin, even though he was personally responsible for only 45.59 grams. During this sidebar discussion, Shaughnessy explained his reasoning for his arguments in the sentencing memorandum: "we did that ... to make the Court aware of ... of how much [Petitioner] actually did himself." (Doc. 347, at 5).

For these reasons, Shaughnessy's representation throughout the sentencing proceedings "falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Indeed, as a result of Shaughnessy's efforts, Petitioner was not sentenced as a career offender, received a three-level reduction for acceptance of responsibility, and was sentenced at the low end of the Guidelines sentencing range. With respect to Shaughnessy's failure to raise the sentencing issue on appeal, this decision, too, was reasonable. Counsel "cannot be found to be ineffective for failure to raise an issue that lacks merit." *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (internal quotations omitted). Because the amount of heroin attributable to Petitioner included both the amount that he was directly responsible for as well as any amounts reasonably foreseeable to him within the conspiracy, an appeal of Petitioner's sentence on the basis that he was only responsible for 45.59 grams would have been unmeritorious.

**CONCLUSION**

For the foregoing reasons, petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set

---

[2] This portion of the sentencing was held on the record but was filed under seal.

Aside, or Correct Sentence is DENIED.[3] Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 1/18/18

---

[3] Petitioner has not asked for an evidentiary hearing. In any event, a hearing is unnecessary because the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Wright v. U.S.*, 320 Fed. Appx. 421, 426 (6th Cir. 2009).